## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
## AT CHATTANOOGA

| | | |
|---|---|---|
| ANTHONY C. WAGNER, | ) | |
| | ) | Case No. 1:20-cv-160 |
|     *Plaintiff*, | ) | |
| | ) | Judge Travis R. McDonough |
| v. | ) | |
| | ) | Magistrate Judge Susan K. Lee |
| TDOC, TONY PARKER, LEE DOTSON, | ) | |
| SHAWN PHILLIPS, and BRETT | ) | |
| COBBLE, | ) | |
| | ) | |
|     *Defendants*. | ) | |

---

## MEMORANDUM AND ORDER

---

The Court is in receipt of a pro se prisoner's complaint for violation of 42 U.S.C. § 1983 (Doc. 4) and a motion for leave to proceed *in forma pauperis* (Doc. 1). For the reasons set forth below, Plaintiff's motion for leave to proceed *in forma pauperis* (*id.*) will be **GRANTED** and this action will proceed only against Defendant Warden Shawn Phillips.

### I. FILING FEE

It appears from the motion for leave to proceed *in forma pauperis* that Plaintiff is unable to pay the filing fee. (*Id.*) Accordingly, this motion (*id.*) will be **GRANTED**.

Because Plaintiff is a prisoner of the Tennessee Department of Corrections ("TDOC"), he will be **ASSESSED** the filing fee of $350.00. The custodian of Plaintiff's inmate trust account will be **DIRECTED** to submit to the Clerk, U.S. District Court, 900 Georgia Avenue, Chattanooga, Tennessee, 37402, twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty

dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

To ensure compliance with this procedure, the Clerk will be **DIRECTED** to mail a copy of this memorandum and order to the custodian of inmate accounts at Plaintiff's current institution and the Attorney General for the State of Tennessee. The Clerk also will be **DIRECTED** to send a copy to the Court's financial deputy. This order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution.

## II.     COMPLAINT SCREENING

### A.  SCREENING STANDARD

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and shall, at any time, *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.*, 28 U.S.C. §§ 1915(e)(2)(B), 1915A. The dismissal standard articulated by the Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive a PLRA initial review, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Courts liberally construe *pro se* pleadings and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

A claim for violation of 42 U.S.C. § 1983 requires a plaintiff to establish that a person acting under color of state law deprived him a federal right. 42 U.S.C. § 1983.

2

B.    ANALYSIS

Plaintiff alleges that TDOC's policy of charging inmates who do not pick up their therapeutic meals is discriminatory, as inmates who eat the normal jail menu do not have to pay for meals that they do not receive.  (Doc. 4, at 3–5.)  Plaintiff has sued TDOC, TDOC Commissioner Tony Parker, TDOC Associate Commissioner of Prisons Lee Dotson, Warden Shawn Phillips, and Associate Warden Brett Cobble.  (*Id.* at 3.)

However, Defendant TDOC is immune from suit under § 1983.  *Howlett v. Rose*, 496 U.S. 356, 365–66 (1990) (holding that "the State and arms of the State, which have traditionally enjoyed Eleventh Amendment immunity, are not subject to suit under § 1983 in either federal or state court").  Accordingly, this Defendant will be **DISMISSED**.

Also, Plaintiff's only allegation against all individual Defendants except Defendant Warden Phillips, whom Plaintiff states recently became Warden of Bledsoe County Correctional Complex, is that they were involved in the denial of his grievance regarding the therapeutic meal charge policy, and this is insufficient to state a claim for relief under § 1983.  *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (finding that knowledge of a prisoner's grievance and a failure to respond or remedy the complaint was insufficient to impose liability on supervisory personnel under § 1983).

However, liberally construing the complaint in Plaintiff's favor, Plaintiff adequately alleges that Defendant Warden Phillips is enforcing a policy under which Plaintiff and others with a need for a therapeutic diet have to pay for therapeutic meals that they do not receive but that prisoners who do not have a therapeutic diet do not have to do so and that this violates his right to Equal Protection.   Thus, only this claim for injunctive relief will proceed against Defendant Warden Phillips.  *Boler v. Earley*, 865 F.3d 391, 412 (6th Cir. 2017) (providing that

3

under *Ex Parte Young*, 209 U.S. 123 (1908), plaintiffs may "bring claims for prospective relief against state officials sued in their official capacity to prevent future federal constitutional or statutory violations," but this right "does not extend to retroactive relief or claims for money damages").

### III. CONCLUSION

For the reasons set forth above:

1. Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 1) is **GRANTED**;

2. Plaintiff is **ASSESSED** the civil filing fee of $350.00;

3. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit the filing fee to the Clerk in the manner set forth above;

4. The Clerk is **DIRECTED** to mail a copy of this memorandum opinion and the accompanying order to the custodian of inmate accounts at the institution where Plaintiff is now confined and to the Attorney General for the State of Tennessee and to furnish a copy of this order to the Court's financial deputy;

5. This action will only proceed as to Plaintiff's claim for injunctive relief against Defendant Warden Phillips arising out of his allegation that Defendant Warden Phillips is enforcing a discriminatory policy that charges Plaintiff for therapeutic meals that he does not receive in violation of Plaintiff's Equal Protection rights;

6. Accordingly, all other claims and Defendants are **DISMISSED**;

7. The Clerk is **DIRECTED** to send Plaintiff a service packet (a blank summons and USM 285 form) for Defendant Warden Phillips. Plaintiff is **ORDERED** to complete the service packet and return it to the Clerk's Office within twenty (20) days of receipt of this order. At that time, the summons will be signed and sealed by the Clerk and forwarded to the U.S. Marshal for service. Fed. R. Civ. P. 4;

8. Service shall be made on Defendant Warden Phillips pursuant to Rule 4(e) of the Federal Rules of Civil Procedure and Rule 4.04(1) and (10) of the Tennessee Rules of Civil Procedure, either by mail or personally if mail service is not effective;

9. Plaintiff is forewarned that if he does not return the completed service packet within the time required, the Court will dismiss this action;

10. Defendant Warden Phillips shall answer or otherwise respond to the complaint within twenty-one days from the date of service. If Defendant Warden Phillips fails to

4

timely respond to the complaint, it may result in entry of judgment by default against him;

11. Plaintiff is also **NOTIFIED** that if he fails to timely comply with this order, this action will be dismissed for failure to prosecute and to follow the orders of this Court; and

12. Plaintiff is **ORDERED** to immediately inform the Court and Defendant or his counsel of record of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Failure to provide a correct address to this Court within fourteen days of any change in address may result in the dismissal of this action.

**SO ORDERED.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**