# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT CHATTANOOGA

| | |
|---|---|
| ANTHONY C. WAGNER, ) | |
| ) | Case No. 1:20-cv-160 |
| *Plaintiff*, ) | |
| ) | Judge Travis R. McDonough |
| v. ) | |
| ) | Magistrate Judge Susan K. Lee |
| SHAWN PHILLIPS, ) | |
| ) | |
| *Defendant*. ) | |

## MEMORANDUM OPINION

This is a pro se prisoner's complaint for violation of 42 U.S.C. § 1983 that is proceeding only as to Plaintiff's claim for injunctive relief. Plaintiff alleges that Defendant Warden Phillips is enforcing a discriminatory policy under which Plaintiff has to pay for therapeutic meals he does not pick up, whereas prisoners who do not have a therapeutic diet do not have to pay for meals that they skip [Doc. 6 p. 4]. Now before the Court is Defendant's motion to dismiss the complaint for failure to state a claim upon which relief may be granted under § 1983 [Doc. 14]. Plaintiff has not filed a response and his time for doing so has passed. *See* E.D. Tenn. L.R. 7.1. Thus, he waived any opposition to this dispositive motion. *Elmore v. Evans*, 449 F. Supp. 2, 3 (E.D. Tenn. 1976), *aff'd mem.* 577 F.2d 740 (6th Cir. 1978); E.D. Tenn. LR 7.2. For the reasons set forth below, this motion [*Id.*] will be **GRANTED**, and this action will be **DISMISSED**.

### I. STANDARD OF REVIEW

To survive a motion to dismiss, a complaint must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim for relief is implausible when "the well-pleaded

facts do not permit the court to infer more than the mere possibility of misconduct." *Id*. at 679. In considering a motion to dismiss, a court must take all factual allegations in the complaint as true. *See, e.g.*, *Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007). However, the Supreme Court has cautioned:

> Determining whether a complaint states a plausible claim for relief will. . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not "show[n]"- "that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

*Iqbal*, 556 U.S. at 679 (internal citations omitted).

Additionally, while Plaintiff's claim survived the Court's initial review under the Prison Litigation Reform Act ("PLRA"), the standard for overcoming a Rule 12(b)(6) motion is a higher bar. *See, e.g., Leach v. Corr. Corp. of Am.*, No. 3:16-CV-2876, 2017 WL 35861, at *3 (M.D. Tenn. Jan. 4, 2017) (stating the required PLRA screening is "a lower burden for the plaintiff to overcome in order for his claims to proceed" than a motion to dismiss under Rule 12(b)(6)).

**II. ANALYSIS**

As noted above, this action is proceeding only as to Plaintiff's claim for injunctive relief [Doc. 6 p. 4]. The Equal Protection Clause provides that no state shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. For a complaint to state a claim for violation of the Equal Protection Clause, it must allege that the plaintiff has been treated differently than other similarly situated individuals. *Ctr. For Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 379 (6th Cir. 2011) (providing that, in order to state a viable equal protection claim, "a plaintiff must adequately plead that the government treated the plaintiff 'disparately as compared to similarly situated persons and that such disparate

2

treatment either burdens a fundamental right, targets a suspect class, or has no rational basis'" and that the "'threshold element of an equal protection claim is disparate treatment'" (quoting *Club Italia Soccer & Sports Org., Inc. v. Charter Twp. of Shelby, Mich.*, 470 F.3d 286, 299 (6th Cir. 2006) and *Scarbrough v. Morgan Cty. Bd. of Educ.,* 470 F.3d 250, 260 (6th Cir. 2006)).

However, as Defendant points out in his motion, Plaintiff does not allege in his complaint that Defendant has not charged other prisoners in the jail for meals specially prepared for them that they did not pick up, nor does he set forth any other facts from which the Court could plausibly infer that Defendant has treated other prisoners who are similarly situated to Plaintiff "in all relevant respects" differently. *Nordlinger v. Hahn*, 505 U.S. 1, 10 (1992) (noting that the Equal Protection Clause "keeps governmental decisionmakers from treating differently persons who are in all relevant respects alike"); *Ctr. for Bio-Ethical Reform, Inc.*, 648 F.3d at 379 (6th Cir. 2011) (finding that a complaint failed to state an Equal Protection claim where it did not "make a plausible allegation that similarly situated organizations and individuals, of a different political viewpoint, have not been subject to the same alleged treatment by Defendants"); *Nali v. Ekman,* 355 Fed. App'x 909, 913 (6th Cir. 2009) (stating that a complaint's allegation of race discrimination in prison discipline must be supported by allegations "that the people not disciplined were similarly situated and of a different race" to state an Equal Protection claim).

Moreover, even if the Court could liberally construe Plaintiff's complaint to allege that Defendant has treated him differently than other similarly situated prisoners, a state practice generally will not require strict scrutiny under the Equal Protection clause unless it interferes with a fundamental right or discriminates against a suspect class of individuals. *Mass. Bd. of Ret. v. Murgia*, 427 U.S. 307, 312 (1976). Plaintiff's allegation that Defendant has enforced a policy under which he charges Plaintiff a fee for therapeutic meals that he does not pick up but

3

does not do so for other prisoners without specially prepared meals does not qualify for strict scrutiny analysis under either of these categories.

Specifically, Plaintiff alleges that Defendant is enforcing a policy that discriminates against disabled prisoners who require therapeutic meals [Doc. 4 p. 5]. However, "[d]isabled persons are not a suspect class for purposes of an equal protection challenge." *S.S. v. E. Ky. Univ.*, 532 F.3d 445, 457 (6th Cir. 2008) (citing *Tenn. v. Lane,* 541 U.S. 509, 522 (2004) (explaining that "classifications based on disability violate [the Equal Protection Clause] if they lack a rational relationship to a legitimate governmental purpose").

Moreover, while Plaintiff does not specify any fundamental right the relevant policy burdens in his complaint, even if the complaint could be liberally construed to allege that the policy at issue burdens his right to due process, Plaintiff does not have a fundamental right not to incur a charge for a meal that he does not pick up without due process, and the Court is unaware of any other fundamental right the meal pickup charge at issue herein could burden. While prisoners have a protected property interest in their money, *Bailey v. Carter*, 15 F. App'x 245, 251 (6th Cir. 2001), Plaintiff alleges only that Defendant has charged him for therapeutic meals that he did not pick up, and the Sixth Circuit has found that similar ministerial charges do not require prior due process. *Jones v. Clark County*, 666 F. App'x 483, 486 (6th Cir. 2016) (affirming district court's dismissal of inmate's allegation that a jail had billed him for the costs of his incarceration without prior process for failure to state a claim on the grounds that mere billing did not implicate due process rights); *Sickles v. Campbell Cty.*, 501 F.3d 726, 729–33 (6th Cir. 2007) (finding that plaintiffs were not due any process prior to the county taking funds deposited in inmate accounts to pay "per-diem and booking fees").

4

As a result, Plaintiff's Equal Protection claim is subject to the rational basis standard. *Club Italia Soccer & Sports Org., Inc. v. Charter Twp. of Shelby,* 470 F.3d 286, 298 (6th Cir. 2006). "Under rational basis scrutiny, government action amounts to a constitutional violation only if it 'is so unrelated to the achievement of any combination of legitimate purposes that the court can only conclude that the government's actions were irrational.'" *Id.* (quoting *Warren v. City of Athens,* 411 F.3d 697, 710 (6th Cir. 2005)). However, as Defendant points out, the Sixth Circuit has held that "[p]risons have a legitimate penological interest in controlling the costs of dietary programs." *Davis v. Heyns*, No. 17-1268, 2017 WL 8231366, at *4 (6th Cir. Oct. 16, 2017) (citing *Berryman v. Granholm*, 343 Fed. App'x 1, 5 (6th Cir. 2009)). Additionally, the Sixth Circuit has cautioned that district courts should not interfere with administration of jails except in the most compelling situations. *Glover v. Johnson*, 855 F.2d 277 (6th Cir. 1988) (setting forth public policy concerns regarding court interference with jail administration and holding that courts should not "attempt to administer any portion of a state correctional system program except in the most compelling situations").

In this case, Plaintiff's complaint does not allow the Court to plausibly infer that Defendant's act of charging him for specially prepared therapeutic meals that he does not pick up is irrational in light of the judicially recognized penological interest in controlling costs of specialized meal programs, or that this is a compelling situation requiring the Court's intervention in jail administration. Thus, even liberally construing the complaint in favor of Plaintiff, it fails to state an Equal Protection claim which relief may be granted under § 1983 and Defendant's motion to dismiss [Doc. 14] will be **GRANTED**.

5

Case 1:20-cv-00160-TRM-SKL   Document 16   Filed 12/15/20   Page 5 of 6   PageID #: 54

### III. CONCLUSION

For the reasons set forth above:

1. Defendant's motion to dismiss [Doc. 14] will be **GRANTED**;

2. This action will be **DISMISSED**; and

3. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**

**E N T E R**:

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**